IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YOUSSEF NASSAR,

　　　　　　　*Petitioner*,

　　v.

WARDEN LEONARD ODDO, *et al*,

　　　　　　　*Respondents*.

Civil Action No. 3:26-cv-1278

Hon. William S. Stickman IV

## **ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus.  (ECF No. 1).  Petitioner is a native and citizen of Lebanon who is currently in immigration custody at Moshannon Valley Processing Center ("MVPC"). (ECF No. 8-1).  He entered the United States on June 13, 2022, at Newark International Airport in Newark, New Jersey with a B2 visa to remain in the United States no later than December 12, 2022.  (ECF No. 8-2 at 2).  Petitioner subsequently overstayed his visa and remained in the United States.  On March 4, 2026, U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") served Petitioner with a Notice to Appear ("NTA") that alleged he was removable under 8 U.S.C. § 1227(a)(1)(B) as a visa overstay, and took him into immigration custody.  (ECF No. 8-1 at 1; ECF No. 8-2 at 2).  On April 21, 2026, an immigration judge denied Petitioner's applications for relief and ordered him removed from the United States.  (ECF No. 8-4 at 3).  In May 2026, Petitioner appealed the order of removal and denial of his applications for relief.  (ECF No. 8-5).  His appeal remains pending.  (ECF No 8-6).

Meanwhile, on March 11, 2026, Petitioner had a custody redetermination hearing pursuant to 8 C.F.R. § 1236, and an immigration judge denied bond on the ground that Petitioner

1

is a flight risk.  (ECF No. 8-3 at 1).  On July 2, 2026, Petitioner filed this habeas petition alleging violations of due process, various regulations and doctrines, the Administrative Procedure Act.  (ECF No. 1).  He wants the Court to order his immediate release.  The Court will deny him habeas relief for the following reasons.

First, as Respondents accurately note, Petitioner has not availed himself of the administrative process for appealing the immigration judge's March 11, 2026, determination denying him bond.  *See* 8 C.F.R. § 1003.1(b); 8 C.F.R § 1003.19(f).  There is no information before the Court that Petitioner exercised his right of appeal to the Board of Immigration Appeals ("BIA"), or that he has attempted to seek a custody redetermination under 8 C.F.R. § 1003.19(e) due to a change in material circumstances.  The Court concurs with Respondents that "Exhaustion is particularly appropriate because agency expertise is required. '[T]he BIA is the subject-matter expert in immigration bond decisions.'"  (ECF No. 8, p. 6 (citation omitted)).

Second, the immigration judge's bond determination is unreviewable by the Court under 8 U.S.C. § 1226(e).  The Court does not have the authority to sit as an appellate court over the determination of the immigration judge and to question his substantive determination on bond.[1]

---

[1] The United States Court of Appeals for the Third Circuit, in two unpublished decisions, has advised that a district court may review whether a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (stating that Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights); *Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing."). It has explained that a bond hearing satisfies due process if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78.

Nevertheless, Petitioner wants the Court to review the proceedings before the immigration judge and find that he was not afforded an adequate individualized bond hearing. The Court will not order a new bond hearing. Petitioner already received habeas relief, and an individualized bond hearing with adequate procedural protections. He may disagree with the outcome of his court-ordered hearing and the immigration judge's weighing of the evidence, but nothing before the Court suggests that the process was deficient. The Court holds that he received a fundamentally fair bond hearing.

Third, the Court holds that his continued detention has not become constitutionally unreasonable. In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203. 211 (3d Cir. 2020). Courts within this circuit have repeatedly recognized that detention approaching or exceeding six months without an opportunity for individualized review raises serious constitutional concerns. *See Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 475–476 (3d Cir. 2015) (explaining that detention becomes suspect as it moves beyond six months); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (observing that Congress doubted the constitutionality of detention longer than six months).

Petitioner was taken into immigration custody on March 4, 2026. Thus, he has been in immigration custody for only five months. As previously noted, his bond hearing occurred on March 11, 2026. There is nothing before the Court indicates that his appeal of his removal order

is progressing at an abnormal pace.[2]  Petitioner has not shown that his current conditions of confinement at MVPC are unduly punitive or otherwise quasi-criminal in nature. MVPC only houses immigration detainees. *See https://www.ice.gov/detain/detention-facilities/moshannon-valley-processing-center. See also https://www.geogroup.com/facilities/moshannon-valley-processing-center/.*  His detention there will terminate upon the conclusion of removal proceedings.  In sum, the Court holds that Petitioner's ongoing detention serves the purpose for which § 1226(c) was enacted as protects against flight. Petitioner faces deportation from the United States.

AND NOW, this 5th day of August 2026, IT IS HEREBY ORDERED that the Petition for Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[2] Under the *Accardi* doctrine, federal agencies are required to follow their own regulations and procedures to ensure a fair administrative process. *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).  The Court holds that Petitioner is not entitled to relief under *Accardi* as the evidence before the Court is such that Petitioner has been afforded fair hearings through the immigration courts.  Furthermore, to the extent Petitioner argues that his continued detention violates the Administrative Procedures Act ("APA") (ECF No. 1, pp. 8-9), the record shows that ICE followed the statutory and regulatory schemes governing the removal process. *E.g.*, 8 C.F.R. § 241.4(l)(2).  His arguments under the APA are not persuasive; his detention is not improper under the APA.